O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATRINA PATRICEE COLLINS, ) | Case No. ED CV 13-02236 RZ |
| Plaintiff, ) ) | |
| v. ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting ) Commissioner of Social, ) | |
| Defendant. ) | |

This appeal from the Social Security Commissioner's decision denying Plaintiff Katrina Patricee Collins' application for disability benefits arises at the intersection of two legal doctrines. The first concerns the Administrative Law Judge's obligation in evaluating the opinion of a treating physician. The second concerns the Administrative Law Judge's obligation in assessing the credibility of a plaintiff's testimony as to his pain. In this case, the Court must remand because the explanations of the Administrative Law Judge are not sufficient.

Plaintiff suffered serious injuries in an automobile accident and, despite recovery, has lingering impairments. The Administrative Law Judge found that Plaintiff not only suffered various fractures, but also has degenerative disc disease of

- 1 -

1  the cervical spine, degenerative joint disease of the cervical and lumbar spine,
2  cervical radiculopathy and chronic pain syndrome. [AR 30] Among other things,
3  Plaintiff testified that because of her back pain she could not sit still on a job [AR
4  73], and that she could sit still for between five and fifteen minutes before she would
5  need to get up and stretch. [AR 78]

6  Plaintiff's doctor, Dr. Gentile, whom the Commissioner concedes was a
7  treating physician, opined that Plaintiff could not sit longer than two hours. [AR
8  604] The Administrative Law Judge accepted the other parts of Dr. Gentile's
9  opinion as to Plaintiff's capacity, but rejected this portion. [AR 37] She gave no
10 reason for doing so. This failure places the Court in a bind, for the Court therefore
11 has no basis for determining whether the Administrative Law Judge's assessment
12 makes sense. If one assumes that the Administrative Law Judge thought that the
13 objective evidence did not support the limitation on sitting, that would not be
14 enough; she must explain which evidence causes her to reject this portion of the
15 opinion. *Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989). She does not
16 always have to explain every piece of evidence, of course, but she must explain why
17 she rejects probative evidence, *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006,
18 1012 (9th Cir. 2003); otherwise the Court has no basis to evaluate her decision.
19 Thus, an administrative law judge must not only set forth her own interpretations;
20 she must explain why her interpretations, rather than the physician's, are correct.
21 *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014), citing *Reddick v. Chater*,
22 157 F.3d 715, 725 (9th Cir. 1998).

23 That rule applies especially here because of its confluence with the rules
24 concerning evaluation of a claimant's testimony about pain. The Administrative
25 Law Judge was required to reference the specific assertions by Plaintiff that she
26 found not to be credible, and the evidence that undermined those assertions. *Lester*
27 *v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). The impact of Plaintiff's pain on her
28

1  ability or lack of ability to sit for an extended period of time was not an area of
2  testimony identified by the Administrative Law Judge.
3      Plaintiff's testimony on this point was consistent with the opinion by
4  Dr. Gentile. Perhaps the Administrative Law Judge had valid reasons for rejecting
5  both. If so, she did not say so. Not having said so, the Court cannot say that she was
6  right. Therefore, the matter must be remanded for further proceedings consistent
7  with this Memorandum Opinion.
8      **IT IS SO ORDERED.**
9      DATED: February 4, 2015

    _____
    RALPH ZAREFSKY
    UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28